**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLORIA MARTINEZ LOPEZ,  ) | |
|                                   ) | Case No. 2:15-cv-02039-RFB-NJK |
| Plaintiff(s),      ) | |
|                                   ) | |
| vs.                              ) | REPORT AND RECOMMENDATION |
|                                   ) | |
| CAROLYN W. COLVIN, ACTING        ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                                   ) | |
| Defendant(s).    ) | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 15. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 19, 20. Plaintiff filed a reply. Docket No. 21. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

   A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On June 24, 2010, Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that she became disabled on February 23, 2010. *See, e.g.*, Administrative Record ("A.R.") 243-53. Her claims were denied initially on September 10, 2010, and upon reconsideration on January 18, 2011. A.R. 71-74. On February 18, 2011, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 114-15. On December 8, 2011, Plaintiff and her attorney appeared for a hearing before ALJ Norman L. Bennett. *See* A.R. 35-52. On January 10, 2012, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from February 3, 2010, through the date of that decision. A.R. 75-93. On June 7, 2013, the Appeals Council remanded the matter back to the ALJ. A.R. 94-97.

On September 5, 2013, the ALJ held a further hearing attended by Plaintiff, her attorney, and a vocational expert. A.R. 53-70. On May 30, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from February 3, 2010, through the date of that decision. A.R. 14-34. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 17, 2015. A.R. 1-8.

On October 22, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1-1 (complaint). Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted. Docket No. 2. Plaintiff filed an amended complaint on October 28, 2015. Docket No. 4.

B.    The Decision Below

The ALJ's second decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on May 30, 2014. A.R. 14-34. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015 and has not engaged in substantial gainful activity since February 3, 2010. A.R. 22. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, status post surgery, degenerative disc disease of the lumbar spine and obesity. A.R. 22-23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 23.

The ALJ found that Plaintiff had the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). A.R. 23-26. At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a cashier. A.R. 26-27. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her applications for a period of disability and disability insurance benefits and supplemental security income. *See* A.R. 27.

### III. ANALYSIS AND FINDINGS

Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ failed to properly evaluate Plaintiff's subjective complaints in the credibility assessment.[2] The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

In this instance, the ALJ found Plaintiff's allegations of debilitating symptoms not credible because, *inter alia*, (1) the allegations of disability were inconsistent with Plaintiff's daily activities, (2) Plaintiff's allegations were inconsistent with the medical opinion evidence, and (3) there was a lack of objective medical evidence supporting the allegations of disability. The ALJ did not err in making an adverse credibility finding based on these considerations.

The ALJ based the adverse credibility finding on the inconsistency between the allegations of disabling limitations and Plaintiff's daily activities. A.R. 26. The record supports that finding. While Plaintiff alleged that she could "hardly even get out [of] bed" because of disabling pain, *see, e.g.*, A.R.

---

[2] This is the only argument that Plaintiff meaningfully develops. Plaintiff makes other cursory arguments, such as stating in a footnote that Plaintiff "maintains that the current evidence of record supports an RFC of no more than sedentary." Docket No. 15 at 5 n.11. Such undeveloped arguments have been waived. *See, e.g.*, *Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("a bare assertion of an issue does not preserve a claim" (quoting *D.A.R.E. America v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001)).

295, the record also includes evidence that Plaintiff, *inter alia*, cares for three minor grandchildren, takes those grandchildren to and from school, prepares multi-course meals, cleans, shops weekly for food and clothing, does laundry, and drives. *See, e.g.*, A.R. 40-41, 290-94. Moreover, it is proper for an ALJ to consider the claimant's daily activities in making the credibility determination. *See, e.g.*, *Bray*, 554 F.3d at 1227.[3]

The ALJ based the adverse credibility finding on the inconsistency between Plaintiff's allegations of disabling limitations and the medical opinion evidence. A.R. 26. The record supports that finding. For example, Plaintiff's testified that she could lift no more than five pounds and that she was limited to standing for only 15-30 minutes. *See, e.g.*, A.R. 48-49, 298.[4] On the other hand, Dr. Cestowski opined that Plaintiff could lift up to 20 pounds and could stand for up to four hours per day and up to 45 minutes at a time, A.R. 593, 594, and Dr. Sherman opined that Plaintiff could lift up to 50 pounds

---

[3] For the first time in the reply brief, Plaintiff argues that the ALJ erred by not confronting her at the hearing regarding the inconsistency between her daily activities and her testimony. *See* Docket No. 21 at 5-6 (citing *Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009)). This argument was waived because it was raised for the first time in reply. *See, e.g.*, *Bazauye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (*per curiam*). Moreover, Plaintiff's brief fails to acknowledge the avalanche of case law making clear that this argument lacks merit. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("There is no merit in Tonapetyan's contention that the ALJ should have given her a chance, while at the hearing, to explain the inconsistent statements and other factors that led him to find her not credible"); *see also Mulay v. Colvin*, 2015 WL 1823261, *6 (C.D. Cal. Apr. 22, 2015) ("district courts within the Ninth Circuit have rejected the contention that the rule articulated in *Solo-Olarte* applies in the social security disability context"); *Milosevich v. Colvin*, 2016 WL 738420, *4 (C.D. Cal. Feb. 23, 2016) (rejecting same argument); *Ornelas v. Colvin*, 2015 U.S. Dist. Lexis 145768, *13 n.3 (C.D. Cal. Oct. 27, 2015) (same); *Kocher v. Colvin*, 2015 WL 6956529, *8 (D. Nev. Sept. 29, 2015) (same), *adopted* 2015 WL 6872477, *1 (D. Nev. Nov. 9, 2015); *Wilde v. Colvin*, 2015 WL 1505662, *4-5 (D. Nev. Jan. 22, 2015) (same), *adopted* 2015 WL 1508661 (D. Nev. Mar. 31, 2015); *De La Torre v. Colvin*, 2014 WL 6989185, *5 (C.D. Cal. Dec. 9, 2014) (same); *Palomo v. Colvin*, 2014 WL 4929040, *7 n.6 (C.D. Cal. Oct. 1, 2014) (same); *Gonzales v. Colvin*, 2014 WL 4656470, *10 n.7 (C.D. Cal. Sept. 17, 2014) (same); *Montelongo v. Colvin*, 2014 WL 4627245, *10 (E.D. Cal. Sept. 15, 2014) (same).

[4] In 2010, Plaintiff alleged that she could stand only 15 minutes at a time, A.R. 298, but Plaintiff testified in 2013 that she could stand 30 minutes at a time, A.R. 49.

and could stand for six hours per day, A.R. 396, 397.[5] Moreover, it is proper for an ALJ to consider such inconsistency in making the credibility determination. *See, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ further based the adverse credibility finding on the lack of medical evidence supporting the alleged limitations. A.R. 26. The record supports that finding. Defendant cites to several instances in which Plaintiff's alleged limitations lack the support of medical evidence. *See* Docket No. 20 at 7-8. Having reviewed the record, the Court agrees that the ALJ did not err in finding a lack of medical evidence supporting Plaintiff's allegations of disabling pain and other limitations. Moreover, it is proper for an ALJ to consider the lack of medical evidence as part of his consideration of the entire body of evidence in making the credibility determination. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis").

In short, despite Plaintiff's allegations to the contrary, the ALJ provided clear and convincing reasons in making an adverse credibility determination. The Court finds that, while Plaintiff may not agree with the ALJ's interpretation of the record, the facts relied upon by the ALJ are supported by the record. Moreover, Ninth Circuit authority confirms that the facts considered by the ALJ were proper and that the ALJ could make an adverse credibility determination based on those factors taken collectively. As a result, the Court finds that the ALJ's credibility finding is supported by substantial evidence and free of legal error.

---

[5] Plaintiff challenges the ALJ's reliance on Dr. Sherman's opinion of December 8, 2010 as "stale." Docket No. 15 at 10-11. Plaintiff challenges the ALJ's reliance on Dr. Cestowski's opinion because the ALJ did not fully adopt that opinion and the limitations opined are allegedly inconsistent with other facts. Docket No. 15 at 11. The staleness argument fails because one of the pertinent opinions (Dr. Cestowski's) dates *after* the ALJ's second hearing, so Plaintiff's allegedly disabling limitations remain inconsistent with medical opinion regardless. *Compare* A.R. 53-70 (ALJ hearing conducting September 5, 2013) *with* A.R. 588-600 (Dr. Cestowski opinion, dated October 30, 2013). With respect to Plaintiff's second argument, an ALJ's adverse credibility finding must be supported by "substantial evidence in the record," *see, e.g.*, *Thomas*, 278 F.3d at 959, and Plaintiff has presented no legal authority or persuasive reasoning that a medical opinion cannot constitute substantial evidence merely because it is not incorporated in whole in an ALJ's decision.

## IV.  CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence.  It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 15) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 20) be **GRANTED**.

IT IS SO ORDERED.

DATED:  April 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).