**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GLORIA MARTINEZ LOPEZ,                    )
                                          )        Case No. 2:15-cv-02039-RFB-NJK
                    Plaintiff(s),         )
                                          )        ORDER
vs.                                       )
                                          )
CAROLYN W. COLVIN, Acting                 )
Commissioner of Social Security,          )
                                          )
                    Defendant(s).         )
_____ )

Pending before the Court is the order for Plaintiff's attorney, Marc Kalagian, to show cause why he should not be sanctioned and/or referred for potential disciplinary proceedings. Docket No. 22. Mr. Kalagian has filed a response to the order to show cause, and Defendant has filed her own response. Docket Nos. 24, 27. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2.

**I.      Background**

The order to show cause arises out Mr. Kalagian's decision to argue in a single sentence in his reply brief that an ALJ has a duty to confront a social security claimant about inconsistencies in her testimony before making an adverse credibility determination based on such inconsistencies. *See* Docket No. 21 at 5-6 ("To the extent that daily activities are probative in that they represent an inconsistency and contradiction that undermine the degree of Ms. Martinez Lopez's impairment, Ms. Martinez Lopez maintains that the ALJ was required to confront her with the inconsistency and if an explanation is made address that explanation"). In support of that legal proposition, Mr. Kalagian cited *Soto-Olarte v.*

1   *Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009), which arises in the context of asylum proceedings. The

2   order to show cause focuses on two issues: (1) whether Mr. Kalagian violated his duty of candor to the

3   Court by failing to disclose adverse Ninth Circuit authority and (2) whether Mr. Kalagian's argument

4   is frivolous. *See* Docket No. 22 at 3. The Court will address each issue below in turn.

5   **II.    Lack of Candor**

6          Just a few months before Mr. Kalagian raised the above argument in this case, two judges in this

7   District identified <u>to Mr. Kalagian</u> Ninth Circuit authority adverse to his position. *See Kocher v. Colvin*,

8   2015 WL 6956529, at *8 (D. Nev. Sept. 29, 2015) (Cooke, J.) (holding that Ninth Circuit authority was

9   "[q]uite the opposite" of Mr. Kalagian's argument that *Soto-Olarte* extends to the social security context,

10  citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)); *see also Kocher v. Colvin*, 2015 WL

11  6872477, *1 (D. Nev. Nov. 9, 2015) (Du, J.) (adopting report and recommendation in full after *de novo*

12  review).[1]   Nonetheless, Mr. Kalagian chose to raise the same argument in this case without

13  acknowledging that Ninth Circuit authority. In responding to the order to show cause, Mr. Kalagian

14  asserts that he had consciously decided not to identify *Tonapetyan* because, in his view, that case is

15  distinguishable and therefore not "directly adverse" to his position. *See* Docket No. 24 at 5-6; *see also*

16  Nev. R. Prof. Conduct 3.3(a)(2) (requiring counsel to identify controlling legal authority that is "directly

17  adverse" to the position taken).

18         Mr. Kalagian is entitled to make reasonable arguments that Ninth Circuit authority is not

19  controlling, but he is assuredly not entitled to simply ignore contrary Ninth Circuit authority. The Court

20  finds Mr. Kalagian's attempts to argue around *Tonapetyan* to be less than compelling. Even more

21  puzzling, however, is Mr. Kalagian's conscious decision to ignore *Tonapetyan* in the merits briefing

22  when two other judges in this District had just identified it as directly contrary to his argument. More

23  precisely, Mr. Kalagian finds himself in the unenviable position of trying to explain how he fulfilled his

24  ethical obligations to cite directly contrary legal authority when he failed to cite a Ninth Circuit case that

25  had just been identified to him as standing for the "opposite" of his position. Mr. Kalagian's deliberate

26

27

28         [1] In *Tonapetyan*, the Ninth Circuit found that "[t]here is no merit in Tonapetyan's contention that the ALJ should have given her a chance, while at the hearing, to explain the inconsistent statements and other factors that led him to find her not credible." 242 F.3d at 1148.

decision to ignore *Tonapetyan* was, at best, a significant lapse of judgment especially given the explicit finding in *Kocher* that it foreclosed his argument.

At any rate, in this instance, the Court will take Mr. Kalagian at his word that he did not "knowingly" fail to disclose directly contrary authority because he sincerely believed it was distinguishable and, therefore, not directly adverse. *See* Docket No. 24 at 6-7. Mr. Kalagian should not expect a warning for similar shortcomings in the future.

**III.    Frivolous Argument**

The Court's order to show cause also sought briefing on whether the argument raised by Mr. Kalagian is frivolous. As the undersigned previously found and as the Commissioner now asserts, Mr. Kalagian's argument is inconsistent with *Tonapetyan*. *See* Docket No. 23 at 8 n.3 (report and recommendation); Docket No. 27 at 2 (Defendant's response to the order to show cause, arguing that *Tonapetyan* "appears to close the door" on this issue). Moreover, the Court's cursory legal research reveals that Mr. Kalagian and his colleagues at his law firm have raised this argument repeatedly, only to be met with flat rejection at least 11 times by at least 10 different judges, including by the district judge assigned to this case. *See Wilde v. Colvin*, 2015 WL 1505662, *4-6 (D. Nev. Jan. 22, 2015) (Hoffman, J.) (outlining Mr. Kalagian's argument that the ALJ had a duty to confront the claimant with inconsistencies at the hearing, but finding that it was Plaintiff's counsel who should have elicited testimony regarding inconsistencies if an explanation existed, and further concluding that the ALJ's decision was free from legal error), *adopted* 2015 WL 1508661 (D. Nev. Mar. 31, 2015) (**Boulware, J.**) (although no objection was filed, concurring with recommendation after reviewing the record); *see also Milosevich v. Colvin*, 2016 WL 738420, *4 (C.D. Cal. Feb. 23, 2016) (McCormick, J.); *Ornelas v. Colvin*, 2015 U.S. Dist. Lexis 145768, *13 n.3 (C.D. Cal. Oct. 27, 2015) (McCormick, J.); *Kocher*, 2015 WL 6956529, at *8 (Cooke, J.), *adopted* 2015 WL 6872477, at *1 (Du, J.); *Mulay v. Colvin*, 2015 WL 1823261, *6 (C.D. Cal. Apr. 22, 2015) (Wistrich, J.); *De La Torre v. Colvin*, 2014 WL 6989185, *5 (C.D. Cal. Dec. 9, 2014) (Pym, J.); *Palomo v. Colvin*, 2014 WL 4929040, *7 n.6 (C.D. Cal. Oct. 1, 2014) (Chooljian, J.); *Gonzales v. Colvin*, 2014 WL 4656470, *10 n.7 (C.D. Cal. Sept. 17, 2014) (Rosenbluth, J.); *Montelongo v. Colvin*, 2014 WL 4627245, *10 (E.D. Cal. Sept. 15, 2014) (Oberto, J.). Mr. Kalagian argues that these district court decisions rejecting his argument are merely "persuasive"

authority that should not be followed. *See* Docket No. 24 at 3.  In addition, Mr. Kalagian cites no legal authority adopting his position that an ALJ has a duty to confront a social security claimant about inconsistencies in her testimony.

To summarize, Mr. Kalagian's position is essentially that there is a distinguishable Ninth Circuit case that contains *dictum* adverse to his position, that there are at least 11 directly contrary decisions from 10 different judges within district courts in this Circuit (including the district judge assigned to this case), and that there is no decision from any court accepting his position, but that he made a conscious decision to raise this argument in a single sentence in a reply brief free of citation to any of the unanimously adverse case law or explanation as to why it should not be followed. *See* Docket No. 24 at 6.[2]  It strains credulity for Mr. Kalagian to argue that his reply brief was not frivolous in this respect.

Nonetheless, the Court will give Mr. Kalagian the benefit of the doubt and will not impose sanctions.  This is Mr. Kalagian's third **and final** warning,[3] and there will be no more.

## IV.   Conclusion

For the reasons discussed above, the pending order to show cause is hereby **DISCHARGED**.

IT IS SO ORDERED.

DATED:   April 25, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In responding to the order to show cause, Mr. Kalagian explains at some length that he believes *Tonapetyan* is distinguishable from the instant case, that the district court opinions are merely persuasive authority, and that, more generally, case law arising out of the immigration administrative law context is pertinent in the social security context. Docket No. 24 at 2-7. Given the depth of response to the order to show cause, it is unclear why Mr. Kalagian apparently believed this issue was sufficiently briefed on the merits through a single sentence in a reply brief.

[3] Mr. Kalagian has already been reminded of his duties as an attorney, and the potential consequences of failing to comply with those duties. *See Sartor v. Colvin*, 2015 WL 5980617, *5-6 (D. Nev. Aug. 10, 2015) (admonishing Mr. Kalagian for bringing frivolous appeal, and warning him of the imposition of sanctions for future misconduct); *Morris v. Colvin*, 2015 WL 5723110, *6 (D. Nev. Aug. 10, 2015) (same).