# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLORIA MARTINEZ LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:15-cv-02039-RFB-NJK<br><br>**ORDER REJECTING REPORT & RECOMMENDATION AND REMANDING CASE** |

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered April 7, 2016. (ECF No. 23). For the reasons discussed below, the Court does not accept the Report and Recommendation, grants in part Plaintiff's Motion to Remand, and remands this matter for further proceedings before the Administrative Law Judge ("ALJ").

## II. BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. (See Report at 5:19 – 6:25, ECF No. 23). The Court adds the following procedural history.

Plaintiff Gloria Martinez Lopez ("Plaintiff") filed the operative Amended Complaint on October 28, 2015. (ECF No. 4). On January 25, 2016, Plaintiff filed a Motion to Remand, arguing that the ALJ failed to articulate clear and convincing reasons in assessing credibility with regard to Plaintiff's residual functional capacity ("RFC"), and requesting that the Court reverse and award

benefits, or remand to the agency. (ECF No. 15). Defendant Carolyn W. Colvin ("the Commissioner") filed an Opposition and Cross-Motion to Affirm the ALJ's decision on February 23, 2016. (ECF Nos. 19, 20). Plaintiff filed a Reply to her Motion on March 7, 2016. (ECF No. 21). Judge Koppe issued a Report and Recommendation on April 7, 2016 recommending denial of Plaintiff's Motion and granting Defendant's Cross-Motion. (ECF No. 23). On April 22, 2016, Plaintiff filed an Objection to this recommendation. (ECF No. 26). Defendant filed a Response to the Objection on April 25, 2016. (ECF No. 28).

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ

did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four. (AR 23-26). At step four, the ALJ considers the assessment of the claimant's RFC as well as the claimant's capability of performing past relevant work. Garrison, 759 F.3d at 1011. RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1). If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F. 3d at 1014-15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035-36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Garrison, 759 F.3d at 1014 (citing Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Id. at 1014-15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Id. "[S]ubjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," however, objective medical evidence, evidence of conservative treatment, and

contradictions found by considering the claimant's daily activities are relevant factors in determining the severity of the claimant's pain and its disabling effects. Rollins v. Massanari, 261 F. 3d 853, 856-57 (9th Cir. 2001). "[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Therefore, "claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted).

**IV.     DISCUSSION**

After review of the record, the parties' briefs, and Judge Koppe's Report and Recommendation, the Court concludes the ALJ erred at step four of the disability evaluation process by finding Plaintiff was capable of performing her past relevant work as a cashier. The Court finds the ALJ's decision was not supported by substantial evidence, as the ALJ did not have sufficient evidence of Plaintiff's post-surgery RFC, and did not properly consider the post-surgery records that were introduced into the record. Therefore, the Court rejects the Report and Recommendation, remands this case to the Social Security Agency to re-evaluate Plaintiff's capability to perform past relevant work in light of her post-surgery RFC, and instructs the ALJ on remand to reconsider its adverse credibility determination.

ALJ Norman L. Bennett issued a second decision on May 30, 2014 finding Plaintiff ineligible for disability or supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (AR 32-33).[1] The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, status post surgery, degenerative disc disease of the lumbar spine, and obesity. (AR 22). The ALJ found that Plaintiff also had a number of non-severe impairments. (AR 22). The ALJ further found that Plaintiff had the residual functional capacity to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b)

---

[1] The ALJ's initial decision finding Plaintiff ineligible for disability or supplemental security income was issued on January 10, 2012. (AR 89). The Appeals Council remanded the claim to the ALJ for further consideration of Plaintiff's RFC and specific references to the record regarding Plaintiff's limitations. (AR 20; AR 95).

1    and 416.967(b), and could resume performance of past relevant work as a cashier. (AR 26). The
2    ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected
3    to cause the alleged symptoms; however, her statements concerning the intensity, persistence and
4    limited effects of these symptoms were not supported in light of the evidence from two orthopedic
5    consultative examiners and the state agency physician, as well as Plaintiff's own description of her
6    daily tasks. (AR 26).

Both parties agree that the ALJ fairly and accurately summarized the evidence and testimony in the record, except as to the arguments in their motions. Plaintiff claims that the ALJ's credibility finding is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ did not articulate clear and convincing reasons for rejecting Plaintiff's testimony about her pain and limitations. The Commissioner argues that the objective medical evidence did not support Plaintiff's allegations of disabling pain and other limitations. Further, the Commissioner argues that the ALJ properly considered Plaintiff's daily activities in his credibility analysis, as well as her routine and conservative treatment. The Commissioner also contends that, regardless of the ALJ's characterization of the treatment, the record demonstrated that Plaintiff's post-hearing surgery resolved her neck complaints.

Finding that the ALJ provided clear and convincing reasons for his credibility determination, Judge Koppe issued a Report and Recommendation concluding that the ALJ's decision was supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error. The Report summarizes the medical opinion testimony as well as Plaintiff's statements. Judge Koppe found that the ALJ's adverse credibility finding was based upon the inconsistency between Plaintiff's alleged disabling limitations and her daily activities, as well as a lack of medical evidence supporting the alleged limitations. Judge Koppe also discussed Plaintiff's argument that the ALJ erred by not confronting Plaintiff at the hearing regarding the inconsistency between her daily activities and her testimony, and found that the argument had been directly rejected by the Ninth Circuit.

The Court now reviews the ALJ's credibility determination. With regard to the first step of the analysis, the ALJ referred to various evidence in the record which documented Plaintiff's

chronic back pain and disk degeneration of both the cervical and lumbar spine, at least until Plaintiff's cervical discectomy in September 2013. (AR 22). The ALJ also stated that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." (AR 26). These findings satisfy the first step of the credibility analysis.

As the ALJ did not include a finding of malingering in his determination, the second step of the credibility determination required clear and convincing reasons for each of the ALJ's specific findings. Here, the ALJ erred. The ALJ found that Plaintiff's impairments were not so severe as to be disabling, as evidenced by the routine and conservative treatment Plaintiff received for both her cervical and lumbar pain. (AR 24). The ALJ referred to an Orthopedic Evaluation by Dr. Daniel Lee, performed on May 21, 2010, in which Dr. Lee stated that he disagreed that Plaintiff has moderate central canal stenosis, and did not recommend surgery. (AR 24; AR 358). However, Dr. Lee's evidence is contradicted by nearly a year's worth of medical records from Plaintiff's treating physician, Dr. Maria Martinez, which indicated that Plaintiff had moderate spinal stenosis. (AR 437-71; AR 474-83). On December 16, 2011, in light of an MRI which "prov[ed] moderate spinal stenosis," Dr. Martinez wrote on a prescription form that Plaintiff required surgery "to correct this [stenosis] and make her pain under control." (AR 432). The ALJ did not explain why he gave Dr. Lee's earlier recommendation greater weight than Dr. Martinez's – in fact, his decision does not appear to consider Dr. Martinez's records at all. The ALJ's finding of routine and conservative treatment is inconsistent with the recommendation for surgery, and the surgery that ultimately took place in 2013.

The ALJ additionally made findings regarding Plaintiff's post-operative condition, based upon the evidence added to the record following the September 5, 2013 hearing. That evidence included treatment notes from Plaintiff's surgery as well as a report from a second orthopedic examiner, Dr. Cestkowski. The ALJ found that the post-surgery treatment notes indicated that Plaintiff was doing well and denied any major complaints. (AR 24). However, the post-surgery treatment notes demonstrate that Plaintiff did have a major complaint of neck pain. (AR 604). Further, Dr. Cestkowski indicated that in his October 30, 2013 examination of Plaintiff, she was in mild discomfort throughout the examination, and there was no evidence suggesting she was

magnifying her symptoms. (AR 590). Although Dr. Cestkowski's report documents Plaintiff's ongoing neck and back pain, the report does not explain how his evaluation, performed a little over one month after Plaintiff's surgery, correlates to the attached medical source statement in which he makes findings regarding Plaintiff's RFC. The record also includes a report from a CT scan of Plaintiff's lumbar spine, dated November 25, 2013, which revealed bulging disks and foraminal stenosis at multiple points along Plaintiff's lumbar spine. (AR 613-14). This post-operative documentation at minimum suggests that more evidence about Plaintiff's post-surgery condition was needed for the ALJ to make a proper determination.

Further, the ALJ found that Plaintiff's allegations that her limitations prevented her from having the RFC to perform past relevant work were disproportionate to the objective medical evidence and the medical opinion evidence. (AR 26). The ALJ discussed the daily activities Plaintiff admitted performing, including cooking and cleaning for her grandchildren, doing laundry, and shopping. Because home activities are not necessarily transferable to the workplace, the Court finds that Plaintiff's performance of these activities must be considered in the context of the other evidence in the record, rather than independently. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). As the ALJ did not properly consider Plaintiff's post-surgery records, including records documenting neck pain following her surgery, and did not have sufficient evidence of Plaintiff's post-surgery RFC to determine whether she could engage in past relevant work, the Court finds that remand for further proceedings is warranted. The record should be developed to include, for example, post-surgery notes from the doctor that performed Plaintiff's surgery or Plaintiff's treating physician.

The Court finally notes that it declines to consider Plaintiff's argument that the ALJ did not confront her about inconsistencies regarding the degree of her impairment at the hearing. As the Court finds that the ALJ's ruling was not supported by substantial evidence, the Court need not consider this argument.

///

///

///

**V.     CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 23) is REJECTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 15) is GRANTED and the Defendant's Cross-Motion to Affirm (ECF No. 20) is DENIED.

**IT IS FURTHER ORDERED** that the matter be remanded for further proceedings before the Administrative Law Judge. The Clerk of Court shall close this case.

DATED this 2nd day of July, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**